C. EMANUEL SMITH
MARY JO O'NEILL  ARIZONA STATE BAR #005924
MICHELLE G. MARSHALL  ARIZONA STATE BAR #017358
RALPH E. CHAMNESS, UTAH STATE BAR #6511
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**PHOENIX DISTRICT OFFICE**
3300 NORTH CENTRAL AVENUE, SUITE 690
PHOENIX, ARIZONA  85012-9688
TELEPHONE: (602) 640-5020

FILED
CLERK, U.S. DISTRICT COURT
'18 JUN 01 PM 3:49
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>vs.<br><br>LBW Investments, L.L.C., d/b/a JB's Family Restaurants; Summit Family Restaurants, Inc., a Delaware corporation, d/b/a JB's Family Restaurants; Santa Barbara Restaurant Group, Inc., a Delaware corporation, d/b/a JB's Family Restaurants; CKE Restaurants, Inc., a Delaware corporation, d/b/a JB's Family Restaurants,<br><br>Defendants. | CIV 2:01CV439C<br><br>**AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to charging party Carla Hart and a class of females who were adversely affected by such practices.  Defendants LBW Investments, L.L.C., d/b/a JB's Family Restaurants; Summit Family Restaurants, Inc., d/b/a JB's Family Restaurants; Santa Barbara Restaurant Group, Inc., d/b/a JB's Family Restaurants; and CKE Restaurants, Inc., d/b/a JB's Family Restaurants (collectively "defendants") subjected Ms. Hart and a class of women to repeated, pervasive and



egregious sexual harassment and retaliated against a class of women for opposing the harassment. Defendants engaged in discrimination which adversely affected the employment status of Ms. Hart and a class of females because of their sex.

As alleged with greater particularity below, the sexual harassment was committed by defendants' managers and employees and included the forcible sexual assault of a female employee by a manager. As a result of this unlawful conduct, the conditions of employment were made so intolerable that Ms. Hart and a class of females were forced to resign their employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were, and are now being committed within the jurisdiction of the United States District Court for the District of Utah, Central Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, defendant LBW Investments, L.L.C., d/b/a JB's Family Restaurants ("LBW"), has continuously been an Arizona limited liability company doing business in the State of Utah and has continuously had at least 15 employees.

2

5. At all relevant times, defendant LBW has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, defendant Summit Family Restaurants, Inc., d/b/a JB's Family Restaurants ("Summit"), has continuously been a Delaware corporation doing business in the State of Utah and has continuously had at least 15 employees.

7. At all relevant times, defendant Summit has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all relevant times, defendant Santa Barbara Restaurant Group, Inc., d/b/a JB's Family Restaurants ("Santa Barbara") has continuously been a Delaware corporation doing business in the State of Utah and has continuously had at least 15 employees.

9. At all relevant times, defendant Santa Barbara has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

10. At all relevant times, defendant CKE Restaurants, Inc., d/b/a JB's Family Restaurants ("CKE") has continuously been a Delaware corporation doing business in the State of Utah and has continuously had at least 15 employees.

11. At all relevant times, defendant CKE has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

12. More than thirty days prior to the institution of this lawsuit, Carla Hart filed a charge with the Commission alleging violations of Title VII by defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since at least February 2, 1996, defendants have engaged in unlawful employment practices at their Utah restaurants, in violation of Section 703(a) of Title

3

1  VII, 42 U.S.C. § 2000e–2(a), by sexually harassing Ms. Hart and a class of female
2  employees and subjecting them to sexual harassment; failing to take appropriate action
3  to prevent and correct the harassment; and forcing them to resign because of the sexual
4  harassment. The sexual harassment includes but is not limited to:

    a.    The forcible sexual assault of a female employee by defendants' manager on defendants' premises;

        1.    The female employee filed a report with the police in which she alleged defendants' manager forcibly sexually assaulted her in defendants' restaurant.

        2.    Prior to this female employee's allegation that defendants' manager forcibly sexually assaulted her, defendants had notice that this manager had sexually harassed at least one other female employee.

        3.    Despite defendants' knowledge of the prior sexual harassment by their manager, defendants failed to take appropriate action to prevent further sexual harassment and sexual assault by him.

    b.    Various managers and employees of defendants grabbed female employees' breasts, buttocks and crotches, kissed them although they did not want to be kissed and engaged in other unwelcome touching;

    c.    Various managers and employees of defendants made unwelcome sexual advances toward female employees;

    d.    Various managers and employees of defendants made vulgar sexual comments to and about female employees, including making such comments about the women's bodies and specifically about their genitalia;

    e.    Defendants constructively discharged Ms. Hart and a class of women because of the pervasive, egregious sexual harassment at defendants' restaurants.

    14.    Although defendants were aware of the sexual harassment, they failed to

take appropriate remedial action to prevent or correct the unlawful conduct.

15. Since at least February 2, 1996, defendants have engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Defendants retaliated against a class of women by changing the terms and conditions of their employment because they opposed conduct made unlawful under Title VII. Defendants' retaliatory conduct included but was not limited to firing at least one class member because she complained that a manager was sexually harassing her by touching her breasts.

16. Defendants have engaged in continuing sex discrimination which constitutes a continuing violation of Title VII.

17. The effect of the practices complained of in Paragraph Twelve (¶12), through and including Paragraph Sixteen (¶16) above has been to deprive Ms. Hart and a class of females of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and in retaliation for opposing practices made unlawful by Title VII.

18. The unlawful employment practices complained of in Paragraph Twelve (¶12), through and including Paragraph Seventeen (¶17) above were and are intentional.

19. The unlawful employment practices complained of in Paragraph Twelve (¶12), through and including Paragraph Seventeen (¶17) above were done with malice or with reckless indifference to the federally protected rights of Ms. Hart and a class of females.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining defendants, their officers, successors, assigns, and all persons in active concert or participation with them from engaging in sexual harassment, retaliation and any other employment practice which discriminates on the basis of sex or retaliation.

5

B.  Order defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and those who oppose unlawful employment discrimination, and which eradicate the effects of their past and present unlawful employment practices.

C.  Order defendants to make whole Ms. Hart and a class of females by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices including, but not limited to, their rightful place reinstatement.

D.  Order defendants to make whole Ms. Hart and a class of females, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph Twelve (¶12), through and including Paragraph Seventeen (¶17) above, including but not limited to costs incurred for obtaining treatment and subsequent employment, in amounts to be determined at trial.

E.  Order defendants to make whole Ms. Hart and a class of females by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraph Twelve (¶12), through and including Paragraph Seventeen (¶17) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.  Order defendants to pay Ms. Hart and a class of females punitive damages for their malicious and/or reckless conduct, described in Paragraph Twelve (¶12), through and including Paragraph Seventeen (¶17) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 15th day of June 2001.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting Deputy General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_____
C. EMANUEL SMITH
Acting Regional Attorney

_____
MARY JO O'NEILL
Supervisory Trial Attorney

_____
MICHELLE G. MARSHALL
Trial Attorney

_____
RALPH E. CHAMNESS
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
(602) 640-5020
Attorneys for Plaintiff
Equal Employment Opportunity Commission

PAUL M. WARNER
United States Attorney

_____
MAGGIE HUGHEY
Assistant U.S. Attorney

UNITED STATES ATTORNEY'S OFFICE
185 S. State, #400
Salt Lake City, Utah 84111
(801) 325-3243
Associated Local Counsel
for Plaintiff